JAMES O. MARSHALL, Treasurer of the Town of Lewes, p. b. a., v. CONSOLIDATED FISHERIES COMPANY, a corporation of the State of Delaware, d. b. r.

(*September* 23, 1942.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*James M. Tunnell, Jr.,* for the plaintiff.

*Caleb R. Layton, 3d,* (of Hastings, Stockly and Layton) for the defendant.

Superior Court for Sussex County, April Term, 1942.

LAYTON, Chief Justice:

Commissioners of Lewes, a municipal corporation, through its treasurer, sued the defendant before a Justice of the Peace to recover taxes alleged to be due and owing for the years 1940 and 1941; and from an adverse judgment this appeal was taken, the parties waiving trial by jury.

By Section 7, Chapter 220, Volume 24, Laws of Delaware, all the public and vacant lands contiguous to but outside of the corporate limits of the Town fronting on the Delaware Bay between designated points were vested in the Commissioners of Lewes for jurisdictional purposes; and the corporation was authorized to lease to persons who would improve or agree to improve them such portions of the public lands for such time and upon such terms as the corporation might deem proper for the interest and benefit of the Town.

After providing for the forfeiture of improvements placed on such lands without the permission of the corporation the Section proceeds to declare: "And the said Commissioners may assess or levy upon any person or persons occupying, enclosing or claiming the uses or privileges of any of the said public lands vested as aforesaid in the said Commissioners and not held under a lease from said Commissioners at a certain rent, without the sanction of any act of the Legislature of this State or law of the United States, a tax, not exceeding six per cent. of the assessed actual value of the lands so enclosed, occupied or claimed, and two per cent. of the actual value of the improvements thereon.

"A tax upon persons holding such public lands under a lease from said Commissioners at a certain rent, may be assessed or levied at the same rate at the assessed value thereof and the value of the improvements thereon, after deducting the value of the ground at the period of the reserva-

tion of the rent, which value shall be estimated at one hundred dollars for every six dollars reserved, and so for a greater or less amount of rent."

The defendant corporation is the lessee of a large tract of the public lands fronting on the Delaware Bay at an annual rental of $1312.00. The assessment record of the Town for the years 1940 and 1941 contained this entry: "Consolidated Fisheries Company, improvement on public land, beach, $17000"; and the treasurer testified that the Town made no assessment or valuation of the land itself. The tax rate was fixed at one per cent, amounting to $170.00 for each of the years.

The defendant first contends that there is a fatal uncertainty in the language of the statute arising out of the phrase, "at the same rate," and that it is manifestly impossible to say whether the maximum tax rate is two per cent or six per cent; wherefore the provision should be declared void. Certainly the wording could be improved upon, but the meaning is sufficiently clear. The statute contemplated the taxation of public lands and improvements thereon whether the lands were held adversely to the Town or under lease from it at a certain rent; but there is a marked difference in the plan of taxation provided. In the first case, the lands and improvements are subjected to separate maximum rates of taxation, and there is no apparent purpose to make the value of improvements a component of the value of the land. In the second case, while the lands and the improvements clearly are to be valued separately, the value of the latter was, as is usual in the assessment of real property, intended to form a part of the value of the land. The tax base was declared to be the assessed value of the land and the value of the improvements thereon less a deduction in accordance with a stated formula. The phrase, "at the same rate," clearly refers to the maximum rate of six per cent made applicable to lands held adversely to the Town.

The formula is not difficult to understand. The language of Section 3, Chapter 10, of the Revised Code of 1893, providing for the assessment of ground rents, which was in force at that time, was adopted almost verbatim. The rent reserved was $1312. By the formula each six dollars of rent reserved represented one hundred dollars of land value. The deduction required to be made may be found thus: $1312.00 ÷ 6 × 100, or, approximately $22,000.00.

The municipal authorities, for whatever reason, made no valuation of the land, and made no deduction. Disregarding entirely the direction of the statute, they arbitrarily established as a tax base the value of the improvements alone.

An assessment is the basis of the tax. It is the most important step of all the proceedings in taxation. In the broadest sense an assessment is a jurisdictional requirement; and in a suit for taxes it is essential that a legal assessment be shown, for if the assessment is void so is the tax.

This is not an instance of a mere irregularity occurring within the limits of the taxing authority, nor is it a case of an excessive assessment. Essential statutory requirements were omitted. There was no assessment made in accordance with the law; and the pretended assessment, clearly void on its face, could be resisted in an action at law for the recovery of the tax. 3 *Cooley, Taxation,* § 1335; See *Western Union Telegraph Co. v. State of Missouri,* 190 U. S. 412, 23 S. Ct. 730, 47 L. Ed. 1116.

As the judgment must be for the defendant for the reason given, it is unnecessary to consider whether, by Chapter 2, Volume 36, Delaware Laws, the Town, at the time, was without jurisdiction over the public lands.

Judgment for the defendant.